UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:17cv967T30TBM

DAVID NIEVES BLASCO NUNEZ,

Plaintiff,

vs.

MILLENNIUM LAWN & LANDSCAPE, INC.,
JAMES D. SLAYTON, and
TAMARA B. SLAYTON,

Defendants.
_______________________________/

2017 APR 24 PM 12:29
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## COMPLAINT

Plaintiff, David Nieves Blasco Nunez, sues Defendants, Millennium Lawn & Landscape, Inc., James D. Slayton, and Tamara B. Slayton for back wages owed to him that Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, David Nieves Blasco Nunez**, was and is a resident of Hillsborough County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. Mr. Blasco Nunez consents to participate in this lawsuit. [DE 1-1.]

2. **Defendant, Millennium Lawn & Landscape, Inc. ("Millennium")**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains it office and principal place of business here, in Hernando County, Florida.





TPA043133

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

3. **Defendant, James D. Slayton**, was and is the owner and operator of Millennium, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in Hernando County, Florida.

4 **Defendant, Tamara B. Slayton**, was and is the owner and operator of Millennium, for the relevant time period. She ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. She lives and works in Hernando County, Florida.

5 Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices and their principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

***Background Facts***

7. Defendants have been at all times material engaged in interstate commerce in the course of their provision of landscaping services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

8. In particular, Defendants own and operate a landscaping company that performs residential and commercial landscaping services, including planting, maintenance, irrigation, lighting, and related services utilizing computers, trimmers, mowers, Bobcats, Toro Greens Master mowers, vehicles, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce. Defendants also advertise/market their services on the internet at www.millenniumlandscapedesign.com, which domain they purchased through GoDaddy, a foreign corporation.

9. Plaintiff worked for Defendants from August 28, 2014 to present. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his utilizing vehicles, cellular telephones, mowers, and other goods and supplies that moved through interstate commerce. Plaintiff would regularly drive in a vehicle owned/leased by Defendants, operated lawnmowers, backhoes, and performed other duties.

11. Defendants paid Plaintiff a daily rate of $90.00 from August 28, 2014 to January 15, 2015.

12. Defendants paid Plaintiff a daily rate of $110.00 from January 16, 2015 to May 7, 2015.

13. Defendants paid Plaintiff a daily rate of $120.00 from May 8, 2015 to August 27, 2015.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

14. Defendants paid Plaintiff a daily rate of $125.00 from August 28, 2015 to October 27, 2016.

15. Defendants paid Plaintiff a daily rate of $135.00 from October 28, 2016 to present.

16. Defendants did not record the time that Plaintiff worked, although they routinely required him to work from approximately 52-65 hours each week.

17. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate of pay for all hours worked over 40 hours in a given workweek.

18. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

19. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

## COUNT I –OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

20. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the relevant time period.

21. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay his overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

22. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, David Nieves Blasco Nunez, demands the entry of a judgment in his favor and against Defendants, Millennium Lawn & Landscape, Inc., James D. Slayton, and Tamara B. Slayton, jointly and severally, after trial by jury and as follows:

a. That the named Plaintiff recover compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d Such other and further relief as the Court deems just and proper.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 20th day of April, 2017.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel: 305.230.4884
Fax: 305.230.4844

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*